FILED

2003 OCT 30 P 12: 18

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANATRA ENTERPRISES, INC., : | |
| Plaintiff, : | |
| V. : | |
| MONUMENTAL LIFE INSURANCE COMPANY, : | CIVIL ACTION NO. |
| : | 3:02-cv-2190 (JCH) |
| Defendant. : | |
| --- | OCTOBER 29, 2003 |

### ANATRA'S ANSWER TO
### MONUMENTAL'S SECOND AMENDED COUNTERCLAIM

**The Parties**

    1.    Admitted.

    2.    Admitted.

**Jurisdiction and Venue**

    3.    Admitted.

    4.    Admitted.

**General Allegations**

    5.    Admitted.

    6.    Admitted.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

- 1 -

7.  Anatra admits that, in or around May 2001, Anatra and Monumental, through their respective agents and/or employees, began communicating about Anatra's interest in utilizing an organization known as Independent and Retail Business Associates, Inc. ("IRBA") as a source of prospective applicants and enrollees for Monumental's Medicare supplemental insurance (Medigap) products, which would be offered and provided at Monumental's "group rate" premiums.  The remaining allegations and the contentions embedded therein are denied.

8.  Anatra admits that it had a long standing relationship with IRBA prior to May 2001.  The remaining allegations and the contentions embedded therein are denied.

9.  Anatra admits that, in the course of communicating with Monumental concerning Anatra's interest in utilizing an organization known as Independent and Retail Business Associates, Inc. ("IRBA") as a source of prospective applicants and enrollees for Monumental's Medicare supplemental insurance (Medigap) products, Anatra stated to Monumental in a facsimile transmittal, among other things, that Anatra was "requesting a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\19000-19499\19366 Anatra Ins. Services\001 Breach of Contract - EPS\Answer to Counterclaim 10-27-03.doc

- 2 -

group contract in Connecticut to be offered exclusively to members of IRBA which are typically composed of active and retired self-employed individuals." The remaining allegations and the contentions embedded therein are denied.

10.   Anatra admits that Anatra and Monumental executed Amendment No. 2 to the Marketing Agreement, which amended the original Marketing Agreement, and that the amendment was effective August 30, 2001. The remaining allegations and the contentions embedded therein are denied.

11.   Anatra admits that, on or about July 1, 2001, Monumental issued Group Policy No. MZ-0200215H0000A-0017A. As to the remaining allegations, Anatra leaves Monumental to its proof. However, to the extent that these allegations allege or imply wrongdoing on the part of Anatra, they are denied.

12.   Denied.

13.   Anatra admits that numerous individuals who were not members of IRBA contacted Anatra in connection with Monumental's group Medicare supplemental insurance products. Anatra admits further that Anatra informed these individuals that they could

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

- 3 -

not obtain Monumental's group Medicare supplemental insurance products being offered through Anatra and IRBA unless they were members of IRBA. Anatra admits further that it assisted interested individuals in joining IRBA. The remaining allegations and the contentions embedded therein are denied.

14. Anatra admits that its employee, Kimberly Anatra, wrote a letter to State Senator Edith Prague on or about August 17, 2001. Anatra states that that writing speaks for itself. The remaining allegations and the contentions embedded therein are denied.

15. Anatra admits that Senator Prague encouraged seniors to contact Anatra for purposes of inquiring about access to Monumental's group rate Medicare supplemental insurance products. As to the remaining allegations, Anatra lacks information sufficient to form a belief and, therefore, leaves Monumental to its proof.

16. Anatra admits that in or around September 2001 it requested that IRBA mail membership information to numerous individuals who had expressed interest in IRBA to Anatra. The

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\19000-19499\19366 Anatra Ins. Services\001 Breach of Contract - EPS\Answer to Counterclaim 10-27-03.doc

- 4 -

remaining allegations and the contentions embedded therein are denied.

17. Denied.

18. Anatra lacks information sufficient to form a belief concerning the allegations contained in Paragraph 18 and, therefore, leaves Monumental to its proof.

19. Anatra admits that in or around September 2001, numerous individuals applied for and/or sought to enroll in Monumental's group Medicare supplement insurance programs. As to the remaining allegations, Anatra lacks information sufficient to form a belief and, therefore, leaves Monumental to its proof. However, to the extent that the remaining allegations allege or imply wrongdoing on the part of Anatra, they are denied.

**COUNT ONE:**

1. Counterclaim defendant Anatra alleges and incorporates by reference its answers and responses as set forth in Paragraphs 1 through 19 (hereinabove) as if more fully set forth herein.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

- 5 -

2. Anatra states that numbered paragraph 1 of the Marketing Agreement speaks for itself. The remaining allegations and the contentions embedded therein are denied.

3. Anatra states that numbered paragraph 2 of the Marketing Agreement speaks for itself. The remaining allegations and the contentions embedded therein are denied.

4. The allegations and the contentions embedded therein are denied.

5. The allegations and the contentions embedded therein are denied.

6. As to the allegation that "an unfavorable risk group of policy holders composed of a disproportional number of" "poorer risk individuals" applied for and enrolled in Monumental's group rate Medicare insurance products, Anatra is without information sufficient to form a belief and, therefore, leaves Monumental to its proof. The remaining allegations and the contentions embedded therein are denied.

7. As to whether Monumental has suffered losses, Anatra lacks information sufficient to form a belief and, therefore,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

- 6 -

leave Monumental to its proof. The remaining allegations and the contentions embedded therein are denied.

**COUNT TWO:**

1. Counterclaim defendant Anatra alleges and incorporates by reference its answers and responses as set forth in Paragraphs 1 through 19 (hereinabove) as if more fully set forth herein.

2. Paragraph 2 asserts claimed principles of law. Although Monumental is left to prove its claims in that regard, Anatra does not necessarily accept or reject those statements or the contentions embedded therein.

3. Anatra does not understand the allegations contained in Paragraph 3 and, therefore, cannot respond intelligently to it. To the extent that the allegations allege or imply some wrongdoing on the part of Anatra, such allegations are denied.

4. Denied.

5. As to whether Monumental has suffered losses, Anatra lacks information sufficient to form a belief and, therefore,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

-7-

leave Monumental to its proof. The remaining allegations and the contentions embedded therein are denied.

**COUNT THREE:**

1.  Counterclaim defendant Anatra alleges and incorporates by reference its answers and responses as set forth in Paragraphs 1 through 19 (hereinabove) as if more fully set forth herein.

2.  Anatra admits that, prior to the execution of Amendment No. 2 to the Marking Agreement, Anatra was aware that IRBA's membership requirements were set forth in IRBA's constitution and/or bylaws. The remaining allegations and the contentions embedded therein are denied.

3.  Anatra admits that, prior to the execution of Amendment No. 2 to the Marking Agreement, Anatra intended to market Monumental's group Medicare supplemental insurance products to IRBA members. Anatra admits further that, prior to the execution of Amendment No. 2 to the Marking Agreement, Anatra intended to market IRBA and its benefits to individuals

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

- 8 -

who were not then-current IRBA members. The remaining allegations and the contentions embedded therein are denied.

[4.] Anatra states that its August 17, 2001 writing to Senator Prague speaks for itself and reflects Anatra's intention to market IRBA and IRBA's benefits to individuals who were not then-current IRBA members. The remaining allegations and the contentions embedded therein are denied.

[5.] Anatra does not understand this allegation and, therefore, cannot respond to it. However, to the extent that the allegations either allege or imply some improper conduct on the part of Anatra, such allegations are denied. Otherwise, Monumental is left to its proof.

[6.] Anatra does not understand this allegation and, therefore, cannot respond intelligently to it. However, to the extent that the allegations either allege or imply some improper conduct on the part of Anatra, such allegations are denied. Otherwise, Monumental is left to its proof.

[7.]   Denied.

[8.]   Denied.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

- 9 -

[9.]   Denied.

[10.]   To the extent that the allegations either allege or imply some improper conduct on the part of Anatra, such allegations are denied.  Otherwise, Monumental is left to its proof.

[11.]   As to whether Monumental suffered losses, Anatra lacks information sufficient to form a belief and, therefore, leave Monumental to its proof.  The remaining allegations and the contentions embedded therein are denied.

>                           THE PLAINTIFF/
>                           COUNTERCLAIM DEFENDANT,
>                           Anatra Enterprises, Inc.
>
>                           BY: _____
>                               ERIC P. SMITH, ESQ.
>                               Federal Bar No. ct16141
>                               STEVEN J. ERRANTE, ESQ.
>                               Federal Bar No. ct04292

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

- 10 -

CERTIFICATION

This shall certify that a copy of the foregoing was served via U.S. mail, postage prepaid, on October 29, 2003 as follows:

Daniel L. FitzMaurice, Esq.
Stephen B. Hudak, III, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford, CT  06103-3499
(860) 275-0100
(860) 275-0343
*Counsel to the defendant*

_____
Eric P. Smith

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

- 11 -